UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Katrina E. Thompson,

        Debtor.
_____/

Case No. 09-44770
Chapter 7
Hon. Walter Shapero

## OPINION DENYING DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(8)

### I. BACKGROUND

Katrina Thompson ("Debtor") filed a Chapter 13 bankruptcy petition on February 22, 2009. On March 28, 2011, that case was converted to Chapter 7. Debtor filed a previous Chapter 7 case, Case No. 02-43164, on February 11, 2002, and had received a Chapter 7 discharge in that prior case on May 17, 2002. As a result of the Debtor's prior Chapter 7 case, it appeared that the Debtor was not entitled to a Chapter 7 discharge in this present case. The Court, *sua sponte*, issued an Order to Show Cause Why Debtor is Entitled to a Discharge (Docket No. 43) fixing a hearing date at which counsel for Debtors could appear before the Court on the matter of a Chapter 7 discharge to Debtor and to prevent dismissal of this case. Debtor's counsel attended that show cause hearing and argued that Debtor is entitled to a discharge in this case because the present case was converted from Chapter 13 to Chapter 7, and that conversion date is the crucial date to consider, and it was more than eight years after the date the previous Chapter 7 case was filed.

### II. DISCUSSION

11 U.S.C. § 301 states that:

> A voluntary case under a chapter of this title is *commenced by the filing with the bankruptcy court of a petition* under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter. (emphasis added).

1

11 U.S.C. § 727(a)(8) states that:

The court shall grant the debtor a discharge, unless –

\* \* \*

the debtor has been granted a discharge under this section . . . *in a case commenced within 8 years* before the date of the filing of the petition[.] (emphasis added).

11 U.S.C. § 348(a) states that:

Conversion of a case from a case under one chapter of this title to a chase under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, *the commencement of the case*, or the order for relief. (emphasis added).

The purport and clear meaning of these provisions are that (1) if a debtor previously received a Chapter 7 discharge, that same debtor cannot receive a Chapter 7 discharge in any subsequent case commenced within an eight year period from the date the previous Chapter 7 case was <u>commenced</u>; and (2) for this purpose, the later conversion of the current case from Chapter 13 to Chapter 7 does not affect the fact that the commencement date of the current case is the date it was filed as a Chapter 13 case. The prior case was "commenced" on February 11, 2002 and the current case (initially filed as a Chapter 13) was "commenced" on February 9, 2009 – a less than eight year interval. This proposition was set forth in the following:

> The fact that the conversion to chapter 7 in this present case occurred more than [eight] years after the commencement of the prior chapter 7 case is not legally relevant to the calculation of the [eight] year period under 11 U.S.C. § 727(a)(8). The date of a subsequent conversion to a different chapter of the Bankruptcy Code does not change the date a case was *commenced*. See 11 U.S.C. §§ 301 and 348(a). It is not correct to calculate the applicable [eight] year period from the date of a conversion of a case from one chapter to a different chapter of the Bankruptcy Code – whether the conversion occurred in the prior case or the current case – in determining the [eight] year period under 11 U.S.C. § 727(a)(8). The applicable [eight] year period is determined from the *commencement of the prior case to the commencement of this present case*.

*In re Hiatt*, 312 B.R. 150, 152 (Bankr. S.D. Ohio 2004). Because the date the cases are <u>commenced</u> are the dates that are controlling under § 727(a)(8), and less than eight years have

2

elapsed between the dates the prior case and the present case were <u>commenced</u>, Debtor is not entitled to a Chapter 7 discharge in the present case.

### III. CONCLUSION

Accordingly, the Debtors will be DENIED a Chapter 7 discharge in this case. An order to that effect is being concurrently entered.

.

**Signed on July 28, 2011**

                                      **/s/ Walter Shapero**

                                    **Walter Shapero**

                                    **United States Bankruptcy Judge**